YOUTH BUREAU RECORDS — ACCESS — PRIVILEGED — CRIME COMMISSION The case files and records of the Cleveland County Youth Bureau, Inc., containing personally identifiable information concerning students counseled under an Oklahoma Crime Commission project fall within the prohibitions of 20 U.S.C. § 1232(g)(b)(1), and possibly within the proscriptions of 70 O.S. 6-115 [70-6-115] (1971). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Do the case files and records of the Cleveland County Youth Bureau, Inc., a Crime Commission sub-grantee, fall within the non-release provisions of20 U.S.C. § 1232(g)(b)(1), thereby prohibiting access and review of such files and records by the Crime Commission ? Title20 U.S.C. § 1232(g)(b)(1), provides: "No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of educational records (or personally identifiable information contained therein other than directory information, as defined in paragraph 5 of subsection a) of student without the written consent of their parents to any individual, agency, or organization, other than to the following — "(A) other school officials, including teachers within the educational institution or local educational agency, who have been determined by such agency or institution to have legitimate educational interests; "(B) officials of other schools or school systems in which the student seeks or intends to enroll, upon condition that the student's parents be notified of the transfer, receive a copy of the record if desired, and have an opportunity for a hearing to challenge the content of the record; "(C) authorized representatives of (i) the Comptroller General of the United States, (ii) the Secretary, (iii) an administrative head of an educational agency (as defined in section 408(c) 20 USCS 1221c-3(c), or (iv) State educational authorities, under the conditions set forth in paragraph (3) of this subsection; "(D) in connection with a student's application for, or receipt of, financial aid; "(E) State and local officials or authorities to whom such information is specifically required to be reported or disclosed pursuant to State statute adopted prior to November 19, 1974; "(F) organizations conducting studies for, or on behalf of, educational agencies or institutions for the purpose of developing, validating, or administering predictive tests, administering student aid programs and improving instruction, if such studies are conducted in such a manner as will not permit the personal identification of students and their parents by persons other than representatives of such organizations and such information will be destroyed when no longer needed for the purpose for which it is conducted; "(G) accrediting organizations in order to carry out their accrediting functions; "(H) parents of a dependent student of such parents, as defined in section 152 of the Internal Revenue Code of 1954 26 USCS 152; and "(I) subject to regulations of the Secretary, in connection with an emergency, appropriate persons if the knowledge of such information is necessary to protect the health or safety of the student or other persons. "Nothing in clause (E) of this paragraph shall prevent a state from further limiting the number or type of State or local officials who will continue to have access thereunder." In order to determine the applicability of this provision to the Cleveland County Youth Bureau and its files and records, initial consideration must be given the relevant factual background surrounding this issue. We understand that the Cleveland County Youth Bureau, Inc., a private nonprofit corporation, is a sub-grantee recipient of federal funds provided through the Oklahoma Crime Commission, a state agency as created by 74 O.S. 8.1 [74-8.1] (1976). Also, the Youth Bureau has a contract with the Board of Education of Independent School District No. 29 of Cleveland County to provide counseling for students and consultation with teachers and staff and the families of students. The contract further provides that all services rendered by the Youth Bureau shall be under the supervision and at the request of the various school administrators and teachers. We further understand that the records in question are records and case files of individual students and are generated as work product by the sub-grantee. The information contained within the records and case files is, in the main, personally identifiable information. Apparently, the Crime Commission seeks access to the records and case files in connection with a required evaluation of the Youth Bureau project. It should also be noted that the Youth Bureau of Cleveland County has received O.C.C. funding since its creation and that in the past the records and data furnished by the Bureau has been sufficient to accomplish the necessary evaluations. We have also reviewed Law Enforcement Assistance Administration Guideline M4100.1E. A review of the guideline reveals nothing to indicate that personally identifiable information would be necessary in order to develop "sound evaluation methodologies". Although an individual evaluator might subjectively assert the need for personally identifiable information, there is no language contained in the guideline which makes such information critical to an adequate evaluation of a project. The contract between the Cleveland County Youth Bureau and the Board of Education creates a privity of relationship as between the entities giving rise to serious questions as to whether the Bureau could divulge personally identifiable information contrary to the clear intent and meaning of 20 U.S.C. § 1232(g) (b) (1). A reading of the above section reveals that the prohibition applies to the release of "education records (or personally identifiable information contained therein other than directory information . . .) of a student. . . ." Subsection 4(a) of Section 1232(g) defines education records as: "Those records, files, documents, and other materials which — "(i) contain information directly related to a student; and "(ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." (Emphasis added) Subsection (6) of Section 1232(g) defines "student" as: ". . . Any person with respect to whom an educational agency or institution maintains education records or personally identifiable information . . ." All of the above language leads us to the conclusion that there is no question that the records sought by the Crime Commission are of the nature and type included within the purview of Section 1232 (g) . The records and case files sought by the Commission are obviously maintained "by a person acting for such agency or institution". The very crux of the contract between the Bureau and the Board of Education is for the Bureau to "act for" the Board of Education in ". . . counseling of students, consulting with teachers and staff and the families of students". Accordingly, it appears that the Youth Bureau is a "component" of the Board of Education and that the Youth Bureau is not an entity separate from the Board within the meaning of Subparagraph A, 99.3 of the Rules and Regulations of the Department of Health, Education and Welfare, published June 17, 1976, at Volume 41, No. 118, Federal Register. Your attention is also invited to 70 O.S. 6-115 [70-6-115] (1971), which provides: "It shall be unlawful and a misdemeanor for any teacher to reveal any information concerning any child obtained by him is his capacity as teacher except as may be required in the performance of his contractual duties, except said information may be furnished to the parent or guardian of said child upon request." (Emphasis added) There is a distinct possibility of running afoul of the above section in an instance where the Youth Bureau acts as an agent for the counselors and teachers of the school system. For the Bureau to divulge information it obtains while acting on behalf of a counselor or teacher might be imputed to the counselor or teacher who made the referral. It should be further noted that once the personally identifiable information is revealed to the Oklahoma Crime Commission in an evaluation of the project, the information obtained by the Commission and made a part of its files would be open for public inspection under the provisions of 51 O.S. 24 [51-24] (1971). This result is wholly contrary to the letter and the spirit of the law under consideration in this opinion. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The case files and records of the Cleveland County Youth Bureau, Inc., containing personally identifiable information concerning students counseled under an Oklahoma Crime Commission project fall within the prohibitions of 20 U.S.C. § 1232(g) (b) (1), and possibly within the proscriptions of 70 O.S. 6-115 [70-6-115] (1971). (R. THOMAS LAY) (MICHAEL CAUTHRON) (ksg) ** SEE: OPINION NO. 79-011 (1979) ** ** SEE: OPINION NO. 78-209 (1978) ** ** SEE: OPINION NO. 79-011 (1979) **